# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47921

| | |
|---|---|
| In the Matter of: Jane Doe I and John Doe I, Children Under Eighteen (18) Years of Age. | ) ) ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) **Filed: July 7, 2020** |
| Petitioner-Respondent, | ) ) **Melanie Gagnepain, Clerk** |
| v. | ) ) **THIS IS AN UNPUBLISHED** |
| JOHN DOE (2020-17), | ) **OPINION AND SHALL NOT** ) **BE CITED AS AUTHORITY** ) |
| Respondent-Appellant. | ) ) ) |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. A. Lynne Krogh, Magistrate.

Judgment terminating parental rights, affirmed.

Aaron Bazzolli, Chief Canyon County Public Defender; Scott J. Davis, Deputy Public Defender, Caldwell, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kathryn T. Garrett, Deputy Attorney General, Boise, for respondent.

BRAILSFORD, Judge

John Doe (Father) appeals from the magistrate court's judgment terminating his parental rights. We affirm.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

The termination of Father's parental rights to his two minor children, a son (Son) and a daughter (Daughter), is the subject of this appeal.[1]  In September 2017, while the children were living with their mother (Mother) in a women's and children's shelter in Boise, Son reported that Mother physically abused him with a belt and said she heard voices telling her to hurt him. Based on this allegation and Mother's history with child protection services, the police declared the children in imminent danger the next day.

On September 29, 2017, the Idaho Department of Health and Welfare (Department) filed a petition under the Child Protective Act (CPA), Idaho Code §§ 16-1601-1647, to obtain custody of the children.  At the time of the petition, Father's identity was unknown.  The Department, however, later amended the petition to identify Father.  Then, after an adjudicatory hearing, the magistrate court found that the children lacked a stable home environment; protective custody was in the children's best interests; and it had jurisdiction over the children under the CPA.

In December 2017, the magistrate court approved a case plan for Father, which noted Father did not protect the children when their Mother physically abused them and which required him, among other things, to address his substance abuse issues.  Throughout much of the children's lives, however, including during the case plan's pendency, Father was incarcerated, mostly for drug-related offenses.  Son was born in 2009, and Daughter was born in 2011.  The court found that Father was incarcerated from 2010 to 2015.  About six months later, Father was re-incarcerated until February 2019.  Then, in September 2019, Father was once again incarcerated and remained incarcerated at the time of the termination hearing in February 2020. During both of the brief periods when Father was not incarcerated, he resumed using methamphetamine.  When Father will be released from his current incarceration is unknown.

In April 2019, the Department filed a petition to terminate Father's parental rights based on Idaho Code § 16-2005(1)(b), alleging that Father had neglected the children under I.C. § 16-2002(3)(a) and that he had failed to comply with his case plan under I.C. § 16-2002(3)(b).  In February 2020, the magistrate court held a two-day termination hearing at which numerous witnesses testified.  Following the hearing, the court issued written findings and conclusions.

---

[1]     The termination of the Mother's parental rights to these two minor children is the subject of a separate appeal.

Among other things, the court found that the Department had custody of the children for twenty-eight months and that Father had been incarcerated for much of the children's lives. The court rejected Father's argument that "what the children lacked for their well-being was not his fault because he was incarcerated." It concluded clear and convincing evidence supported that Father had neglected the children under I.C. § 16-2002(3)(a) and that termination of Father's parental rights is in the children's best interests.

Father timely appeals the magistrate court's termination of his parental rights.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v.*

3

*Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117. Each of these conditions is an independent, alternative basis for terminating parental rights. *Doe*, 144 Idaho at 842, 172 P.3d at 1117; *see also* I.C. § 16-2005(1) (noting court may terminate parental rights if one or more of conditions exist). If the court grants a judgment on more than one independent basis and the appellant does not challenge each basis for termination, then we must affirm the judgment. *Idaho Dep't of Health & Welfare v. Doe (2016-09)*, 163 Idaho 707, 711, 418 P.3d 1216, 1220 (2016) ("When a judgment is granted on alternative grounds and one of them is not addressed on appeal, we must affirm the judgment."); *Idaho Dep't of Health & Welfare v. Doe (2017-36)*, 163 Idaho 274, 278, 411 P.3d 1175, 1179 (2018) (noting court need not address parent's argument because "the magistrate court's order contains additional, unchallenged findings of neglect that must be affirmed").

## III.

## ANALYSIS

### A.    Neglect

On appeal, Father argues that he "has never been able to comply with the case plan" and that his "incarceration made it impossible for him to participate in the case plan." The magistrate court, however, did not terminate Father's parental rights under I.C. § 16-2002(3)(b) for his failure to comply with his case plan. Rather, the court terminated Father's parental rights under I.C. §§ 16-2002(3)(a) and 16-1602(31)(a) for neglecting the children. Specifically, the court concluded that Father "has not provided proper parental care or control, or subsistence, medical

4

or other care necessary for the children's well-being, for most of the children's lives." Because Father failed to challenge the actual basis for the court's termination of his parental rights, we must affirm the court's judgment. *Doe*, 163 Idaho at 711, 418 P.3d 1220 ("When a judgment is granted on alternative grounds and one of them is not addressed on appeal, we must affirm the judgment.").

Moreover, Father's incarceration is not a defense to neglect. Rather, "evidence of incarceration is competent evidence of neglect." *Idaho Dep't of Health & Welfare v. Doe (2015-01)*, 158 Idaho 764, 768, 351 P.3d 1222, 1226 (2015). A parent in prison for a substantial part of his children's lives cannot provide parental care necessary for their health, safety, and well-being. *Id.* A parent's incarceration alone can constitute neglect. *Idaho Dep't of Health & Welfare v. Doe*, 151 Idaho 846, 852, 264 P.3d 953, 959 (2011).

Further, willfulness is not necessary for a finding of neglect and its absence is not a defense to neglect. Father cites *Doe I v. Doe II*, 148 Idaho 713, 228 P.3d 980 (2010), and *In re Doe*, 143 Idaho 188, 141 P.3d 1057 (2006), for the proposition that his failure to maintain a normal parental relationship must be willful to justify termination of his parental rights. Those cases, however, address whether the parent's rights should be terminated for abandonment versus neglect, which is a different basis for termination. *See Doe I*, 148 Idaho at 716, 228 P.3d at 983 ("Petitioners contended that Father abandoned the children by failing to have regular personal contact with them."); *In re Doe*, 143 Idaho at 191, 141 P.3d at 1060 (addressing abandonment statute). Accordingly, those cases are inapposite, and the magistrate court did not err by concluding Father neglected his children.

## B. Children's Best Interests

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the child's best interests to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health*

*& Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the children to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Father argues that insufficient evidence supports the magistrate court's finding that termination of his parental rights is in the children's best interests. He argues generally that he "was very motivated to be involved with his children"; he "can have a very positive effect upon the children"; and "[t]here was no evidence that failing to terminate his parental rights would be detrimental to the children." The only specific evidence to which Father points in support of his arguments, however, is a single gift to Son.

The magistrate court's factual findings belie Father's general arguments that termination of his parental rights is not in the children's best interests. These findings focus primarily on the children's improvement while in foster care. Among other things, the court found that when Son entered foster care he "was tearful, scared, and withdrawn" and he had health and behavioral issues. Since being in foster care, however, Son's health has improved; most of his problematic behaviors have resolved; he has self-esteem; and he is succeeding in math. Similarly, when entering foster care, Daughter had severe anxiety and outbursts, was underweight, and "her speech was unintelligible." Now, however, Daughter's anxiety has eased; she has gained weight; she is receiving speech therapy; she has made friends; and her grades have improved. Based on these findings, the court concluded that the children are doing well in foster care; permanency is in their best interests; and they should not be kept waiting for Father to find a path to succeed in life.

Father does not challenge any of these findings and, indeed, fails to identify any specific finding he contends is not supported by substantial and competent evidence. His general attack on the magistrate court's findings is insufficient to preserve the issue for appeal. *See Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) ("A general attack on the findings and conclusions of the [trial] court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue."). Furthermore, his identification of a single gift to Son is inadequate to overcome the substantial and competent evidence that the termination of Father's parental rights is in the children's best interests.

6

### III.

### CONCLUSION

Father failed to challenge the magistrate court's conclusion that he neglected the children and failed to establish the court's findings regarding the children's best interests are not supported by substantial and competent evidence. Accordingly, we affirm the magistrate court's judgment terminating Father's parental rights.

Judge GRATTON and Judge LORELLO **CONCUR**.